**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN RAY THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  04-3315-MLB |
| | ) | |
| DENNIS GOFF et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on two motions to dismiss by defendant Bruce, and a motion to dismiss by defendant Correct Care Solutions, Inc (CCS).  (Docs. 43, 51, 59.)  Bruce filed a brief in support of his first motion, (Doc. 44), and the other motions incorporate a short argument.  Plaintiff responded to both motions filed by Bruce, but failed to respond to the motion filed by CCS. (Docs. 46, 55.)  The latter two motions to dismiss (Docs. 51, 59) are GRANTED, and the remaining motion is rendered MOOT, for reasons set forth herein.

Plaintiff is a Kansas prisoner.  He brought the present action under 42 U.S.C. § 1983 alleging that various prison medical personnel and officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.  Bruce initially moved for dismissal based on an allegation that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (Docs. 43, 44 at 2.)  After that motion was filed, plaintiff filed an amended complaint that failed to name either Bruce or CCS as defendants. As a result, Bruce and CCS now move for dismissal on the

basis that plaintiff's complaint effectively removes them from the case.

Since plaintiff proceeds pro se, the court will construe his pleadings liberally. Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a pro se party must comply with the Federal Rules of Civil Procedure. See United States v. Ceballos-Martinez, 387 F.3d 1140, 1145 (10th Cir. 2004). Once an amended complaint is properly filed, it supersedes prior versions of the complaint. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (citing King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)); see also Austin v. Ford Models, Inc., 149 F.3d 148, 155-56 (2d Cir. 1998), abrogated on other grounds by Swierkiewicz v. Sorema N. A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King, 31 F.3d at 346. Indeed, King dealt with a pro se plaintiff who, like plaintiff in the present case, had filed an original complaint that would have supported her position; however, she subsequently filed amended complaints that were lacking. Id. In ruling against King, the Fifth Circuit considered only the latest amended complaint, and denied her the benefit of prior filings that might have otherwise been adequate. Id.

Turning to the present case, plaintiff filed an amended complaint that failed to name Bruce or CCS as defendants. (Doc. 50 at 1.) A review of that complaint shows that if never refers to any prior complaint, nor makes any effort to incorporate prior pleadings by reference. Furthermore, the amended complaint utterly fails to

mention defendant Bruce. Similarly, it makes only passing references to CCS. The amended complaint alleges that defendant Janet Myers was employed by CCS, id. at 2; and, the amended complaint also offers a quote from a prison official that states, "Dr. Torrence will determine the extent of injury and make a referral for the proper eye care specialist, per CCS staff." Id. at 4. Nowhere in the amended complaint does plaintiff allege any culpability on the part of CCS, nor does he seek damages or other relief against Bruce or CCS. Finally, the court notes that, although plaintiff responded to Bruce's second motion to dismiss, plaintiff utterly failed to address the merits of Bruce's argument. (Doc. 55.) Nowhere in his responsive brief did plaintiff suggest that he intended to keep Bruce in the action, nor that plaintiff had mistakenly omitted Bruce from his amended complaint. Instead, he referred to issues regarding exhaustion of administrative remedies, and he attached a personal injury claim form that he admittedly never filed. Accordingly, the court finds that plaintiff intentionally omitted Bruce from the amended complaint, thereby removing any basis to keep Bruce in the case. Bruce's motion to dismiss (Doc. 51) is GRANTED. This ruling renders Bruce's previous motion to dismiss (Doc. 43) MOOT.

Although CCS is obliquely mentioned in the amended complaint, there is no more basis to keep CCS in the case than there is for Bruce. Additionally, plaintiff failed to respond to CCS's motion to dismiss. Plaintiff has therefore waived his right to contest the merits of that motion. D. Kan. Rule 7.4. Accordingly, the court finds that plaintiff intentionally omitted CCS from the amended complaint, thereby removing any basis to keep CCS in the case. CCS's

motion to dismiss is GRANTED.

     IT IS SO ORDERED.

     Dated this __19th__  day of April 2005, at Wichita, Kansas.

                                    s/   Monti Belot

                                    Monti L. Belot

                                  UNITED STATES DISTRICT JUDGE